# EXHIBIT 2

**From:** Natasha J. Martin
**Sent:** Friday, October 17, 2025 12:03 PM
**To:** Helen Truscott
**Cc:** Kawa Foad
**Subject:** RE: Woodloch / HGSD Contested Hearing Matter - Representation

Good morning, Judge Truscott,

Mr. Foad's Florida law license, by itself, does not authorize him to practice law in the State of Texas, except under limited circumstances prescribed by the Texas Supreme Court, such as when an attorney is licensed in another jurisdiction and has received specific approval, or when the individual is a bona fide law student or an unlicensed law school graduate meeting court-approved conditions. Tex. Gov't Code § 81.102(a) & (b).

Moreover, the nature of this contested case proceeding falls within the statutory definition of the "practice of law." Under Tex. Gov't Code § 81.101(a), this includes not only courtroom advocacy "before a judge in court" but also out-of-court legal services such as drafting pleadings, managing proceedings, and providing legal advice. The process under District Rule 7.5 will require these activities: the preparation and filing of pleadings, engagement in discovery governed by the Texas Rules of Civil Procedure, and presentation of evidence under the Texas Rules of Evidence. Each of these tasks demands legal skill and knowledge and constitutes representation "on behalf of a client before a judge in court."

Mr. Foad's suggestion that this is an "administrative" proceeding does not exempt him from Texas licensing requirements. The statutory language does not limit the "practice of law" to district or appellate courts; it encompasses any setting in which legal rights are adjudicated and where representation requires legal expertise. The fact that this matter proceeds within an administrative forum is immaterial to licensure. The law is clear that even in non-judicial settings, legal representation involving client advice or advocacy constitutes the practice of law.

There are lawful pathways available to Mr. Foad if he wishes to participate in this proceeding, such as associating with local counsel or seeking limited practice permission under the rules of the Texas Supreme Court.

We respectfully request that you apply Texas law and require that Mr. Foad's client obtain properly licensed counsel to proceed.

Relevant citations are copied below.

Texas Government Code
Sec. 81.101. DEFINITION. (a) In this chapter the "practice of law" means the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge,



Exhibit 1

such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.
(b) The definition in this section is not exclusive and does not deprive the judicial branch of the power and authority under both this chapter and the adjudicated cases to determine whether other services and acts not enumerated may constitute the practice of law.
(c) In this chapter, the "practice of law" does not include the design, creation, publication, distribution, display, or sale, including publication, distribution, display, or sale by means of an Internet web site, of written materials, books, forms, computer software, or similar products if the products clearly and conspicuously state that the products are not a substitute for the advice of an attorney. This subsection does not authorize the use of the products or similar media in violation of Chapter 83 and does not affect the applicability or enforceability of that chapter.

Added by Acts 1987, 70th Leg., ch. 148, Sec. 3.01, eff. Sept. 1, 1987. Amended by Acts 1999, 76th Leg., ch. 799, Sec. 1, eff. June 18, 1999.

Sec. 81.102. STATE BAR MEMBERSHIP REQUIRED. (a) Except as provided by Subsection (b), a person may not practice law in this state unless the person is a member of the state bar.
(b) The supreme court may promulgate rules prescribing the procedure for limited practice of law by:
(1) attorneys licensed in another jurisdiction;
(2) bona fide law students; and
(3) unlicensed graduate students who are attending or have attended a law school approved by the supreme court.

Thank you,

**Natasha J. Martin** | Attorney
Direct: (512) 480-5639 | Fax: (512) 536-9939
401 Congress Avenue, Suite 2700, Austin, Texas 78701

75 YEARS OF SERVICE GRAVES DOUGHERTY HEARON & MOODY www.gdhm.com | Bio | LinkedIn

---

**From:** Kawa Foad <kfoad@kf-law.com>
**Sent:** Friday, October 17, 2025 10:49 AM
**To:** Helen Truscott <hstlaw@msn.com>
**Cc:** Natasha J. Martin <NMartin@gdhm.com>
**Subject:** Woodloch / HGSD Contested Hearing Matter - Representation

Dear Hearing Examiner Truscott:

I hope this communication is well received. I wanted to bring to your attention that although I am a Florida-barred attorney, I am not licensed in Texas. I have been very clear about this from the start. That being said, it is my understanding that the above-referenced matter is an administrative proceeding/process rather than a judicial one (i.e., litigation in court). As such, I respectfully request to



Exhibit 1

be allowed to represent my clients without having to obtain local counsel pursuant to *pro hac vice* papers.

My cursory review of relevant authorities confirms that while I may represent my clients here without the need to obtain local counsel, I most definitely must obtain local counsel in order to continue to represent my clients in the regrettable event this matter ends up in litigation in a court of competent jurisdiction in Texas.

Please advise.

Thanks very much, and have a wonderful day.

Cordially,

Kawa Foad, Esq.

*Privileged and/or Confidential*.



Exhibit 1