# EXHIBIT 3

| | | |
|---|---|---|
| **IN RE: APPLICATION TO RENEW PERMIT NO. 3606 BY WOODLOCH MHP LLC FOR GROUNDWATER WITHDRAWAL IN HARRIS COUNTY, TEXAS** | § § § § § § | **BEFORE THE HARRIS-GALVESTON SUBSIDENCE DISTRICT** |

**REPRESENTATION IN CONTESTED PERMIT HEARINGS**
**HARRIS-GALVESTON SUBSIDENCE DISTRICT**

In response to the question of whether or not Kawa Foad, Esq. shall be allowed to represent the permittee in this contested permit hearing, I will follow state law precedent and not allow the representation.

Harris-Galveston Subsidence District Rule 7.3 (c) 3 provides in part that "any interested person may appear in person or may be represented by counsel, engineer, or other representative, provided the representative is fully authorized to speak and act for the principal". This rule allows individuals other than licensed Texas attorneys to represent the applicants in informal or technical proceedings, not proceedings that require preparation of pleadings, discovery, cross-examinations, legal advice, or otherwise practice law in a contested hearing.

Texas law limits who may represent a party in a contested evidentiary hearing which qualifies as the "practice of law." Specifically, the District's hearing procedures are subject to Texas unauthorized practice of law restrictions under the Texas Government Code section 81.101. Texas Special District Local Laws Code Chapter 8801 nor the District Rules explicitly authorize nonlawyer representation in a contested hearing.

The applicant may represent himself or retain an attorney licensed to practice in the state of Texas to represent him in this proceeding.

Signed this 20th day of October 2025.

Helen Stewart Truscott
Hearing Examiner