**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KAWA FOAD, Esq.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:26-cv-005348** |
| | § | |
| **THE HARRIS-GALVESTON** | § | |
| **SUBSIDENCE DISTRICT; et al.,** | § | |
| **Defendants.** | § | |

---

**DEFENDANTS LORI J. ROBINSON'S, GUNNAR P. SEAQUIST'S, AND BICKERSTAFF HEATH DELGADO ACOSTA, LLP'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

STEVEN H. WELLER
State Bar No. 24039235
Southern Dist. Bar No. 2943704

SARA LABASHOSKY
State Bar No. 24129467
slabashosky@bickerstaff.com

CANON P. HILL
State Bar No. 24140247
chill@bickerstaff.com

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
Two Barton Skyway
1601 S. MoPac Expressway, Suite C400
Austin, Texas 78746
(512) 472-8021
(512) 320-5638 FAX

**Counsel for Defendants**

# TABLE OF CONTENTS

**Table of Contents** ........................................................................................ i

**Table of Authorities** .................................................................................... iii

**I. Introduction and Summary** ............................................................... 1

**II. Legal Standard** ................................................................................. 2

**III. Plaintiff's Lawsuit and Allegations Against the Bickerstaff Defendants.** 4

**A. Plaintiff's Allegations against Attorney Lori Robinson** ........................ 4

**B. Allegations against Attorney Seaquist** ................................................ 6

**C. Allegations against BHDA** .................................................................. 7

**IV. Arguments and Authorities** ............................................................... 7

**A. Plaintiff fails to plead a valid conspiracy claim against the Bickerstaff Defendants** ................................................................................. 7

**1. Plaintiff's allegations fail to plausibly show any agreement by the Bickerstaff Defendants to violate his constitutional rights.** ............... 8

**2. Plaintiff fails to plausibly plead a deprivation of his constitutional rights.** ........................................................................................ 11

**a. Plaintiff does not have a constitutionally protected right to practice law without a license in Texas.** ....................................... 12

**b. Plaintiff's allegations concerning the TPIA do not give rise to a constitutional violation.** ............................................................ 13

**C. The individual Bickerstaff Defendants are also entitled to dismissal on qualified immunity grounds.** ............................................................ 15

**D. Plaintiff fails to state a claim against BHDA under state tort law.** .... 18

**E. Attorney immunity further bars Plaintiff's claims** ............................. 19

**Prayer ........................................................................................................ 20**

**CERTIFICATE OF SERVICE ........................................................................ 21**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Ackerson v. Bean Dredging LLC*, 589 F.3d 196 (5th Cir. 2009) ..... 3

*Arsenaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982) ..... 8

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ..... 16, 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..... 3, 9, 18, 19

*Babb v. Dorman*, 33 F.3d 472 (5th Cir. 1994) ..... 17

*Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012) ..... 18

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..... 3, 10

*Bevill v. Fletcher*, 26 F.4th 270 (5th Cir. 2022) ..... 8

*Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994) ..... 7, 8, 11, 15

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ..... 3

*Dallas Police & Fire Pension Sys. v. Alexander*, No. 417-CV-00631-ALM-KPJ, 2020 WL 9936144 (E.D. Tex. Mar. 26, 2020) ..... 14

*Edionwe v. Bailey*, 860 F.3d 287 (5th Cir. 2017) ..... 8

*Estate of Farrar v. Cain*, 941 F.2d 1311 (5th Cir. 1991) ..... 8

*Firefighters' Retirement Sys. v. EisnerAmper*, 898 F.3d 553 (5th Cir. 2018) ..... 4

*Filarsky v. Delia*, 566 U.S. 377 (2012) ..... 16

*Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404 (5th Cir. 2008) ..... 16

*Goldfarb v. Virginia State Bar*, 421 U.S. 773 (1975) ..... 13

*Gonzalez v. Northside Indep. Sch. Dist.*, No. SA-20-VS-00926-XR, 2020 WL 5640459 (W.D. Tex. 2020) ..... 13

*Graham v. Connor*, 490 U.S. 386 (1989) ..... 17

*Hilborn v. Klein Indep. Sch. Dist.*, H-09-840, 2009 WL 3674517 (S.D. Tex. Oct. 9, 2009) 14, 15

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) ..... 3

*Johnson v. Town of Prosper*, No. 4-23-CV-650, 2025 WL 1811510 (E.D. Tex. July 1, 2025) .. 14

*Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319 (5th Cir. 2020) ..... 17

*Lewis v. Jackson*, 2016 WL 1103904 (M.D. La. 2016) ..... 13

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) .................. 3

*Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987) .................................................. 8

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004)............. 3

*McBurney v. Young*, 569 U.S. 221 (2013) .................................................. 14

*McCuin v. Texas Power & Light Co.*, 714 F.2d 1255 (5th Cir. 1983)....................................... 13

*Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007).................................................. 18

*Montgomery v. Walton*, 759 Fed. Appx. 312 (5th Cir. 2019) ........................................... 7, 8, 11

*Morgan v. Swanson*, 659 F.3d 459 (5th Cir. 2011).................................................. 17

*Mullenix v. Luna*, 557 U.S. 7 (2015).................................................. 17

*Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125 (Tex. 2018) .......................................... 19

*Pfannstiel v. City of Marion*, 918 F.2d 1178 (5th Cir. 1990).................................................. 8

*Plustache v. City of New Orleans*, 2021 WL 4948182 (E.D. La. 2021)..................................... 13

*Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004) ............................................... 8, 9, 11

*Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757 (5th Cir. 2011) ................................. 3

*Santander v. Salazar*, 133 F.4th 471 (5th Cir. 2025).................................................. 16

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019).................................................. 11

*Taylor v. Tolbert*, 644 S.W.3d 637 (Tex. 2022) .................................................. 19

*Tebo v. Tebo*, 550 F.3d 492 (5th Cir. 2008).................................................. 8, 15

*Trevino-Garcia v. Univ. of Tex. Health Sci. Ctr. Sch. of Med.*, Civ. A. No. 09-CA-0572-XR, 2009 WL 5195962 (W.D. Tex. Dec. 21, 2009) .................................................. 15

*Walgreens v. McKenzie*, 713 S.W.3d 394 (Tex. 2025).................................................. 19

*Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724 (5th Cir. 2019) .......................................... 4

*Williams v. Kreider*, 996 F.2d 306 (5th Cir. 1993) .................................................. 15

**Statutes**

42 U.S.C. § 1983 .................................................. passim

Tex. Gov't Code § 81.101(a) .................................................. 12

Tex. Gov't Code § 81.102(a) .................................................. 12

Tex. Gov't Code § 81.102(b) .................................................. 12

Tex. Gov't Code § 552.001 .......... 14

Tex. Gov't Code § 552.022 .......... 14

Tex. Gov't Code §§ 552.101–.164 .......... 14

Tex. Gov't Code § 552.2615 .......... 5

Tex. Gov't Code § 552.301 .......... 5, 14

Tex. Gov't Code § 552.306 .......... 14

Tex. Gov't Code § 552.321 .......... 15

Tex. Gov't Code § 552.3215(e) .......... 15

Tex. Gov't Code § 552.324 .......... 14

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......... 1, 3, 8

Fed. R. Evid. 201 .......... 4

Tex. Att'y Gen. OR2025-30042, 2025 WL 4197042 (Aug. 20, 2025) .......... 5

**TO THE HONORABLE LEE H. ROSENTHAL, U.S. DISTRICT JUDGE:**

COME NOW, Defendants Lori J. Robinson, Gunnar P. Seaquist, and Bickerstaff Heath Delgado Acosta, LLP ("BHDA") (collectively the "Bickerstaff Defendants") in the above-styled case, and move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the entirety of the claims asserted by Plaintiff Kawa Foad ("Plaintiff" or "Foad") in his *Verified First Amended Complaint*, and in support thereof would show as follows:

## I. Introduction and Summary

The *pro-se* Plaintiff is a Florida attorney who admits he is unlicensed to practice law in the State of Texas. Despite that fact, Plaintiff insisted that he be allowed to appear before the Harris-Galveston Subsidence District ("HGSD" or the "District"), a Texas governmental entity, on behalf of a litigant in a contested administrative proceeding surrounding the alleged withdrawal of groundwater in excess of permitted allowances. When the Administrative Law Judge ("ALJ") would not permit him to practice law in Texas without a license, Plaintiff filed the extant suit, asserting a litany of frivolous federal and state law claims against the District and its officers, its legal counsel, and the ALJ. The gist of Plaintiff's Amended Complaint is that, notwithstanding his unlicensed status, his disqualification from appearing as counsel violated his free speech and due process rights under the First and Fourteenth Amendments to the United States Constitution and further amounted to defamation and tortious interference under state law.

Not only is that contention devoid of any legal merit, but it is also entirely inapposite to the Bickerstaff Defendants, who played no role in the contested case hearing or Plaintiff's ability to participate in it. Rather, as the Amended Complaint establishes, the District engaged BHDA as legal counsel to represent it in the discharge of its duties in evaluating and responding to open-records request under the Texas Public Information Act ("TPIA"). Thus, among the detritus in the

Amended Complaint, Plaintiff levels only two claims against the Bickerstaff Defendants: (1) that BHDA attorneys Robinson and Seaquist somehow conspired with the District to prevent Plaintiff from appearing in the contested case proceeding; and (2) that BHDA is vicariously liable for the alleged torts of its individual employees under state law. But Plaintiff's allegations fail to state a plausible entitlement to relief under either theory.

First, as to an ostensible conspiracy, Plaintiff fails to plausibly plead either the requisite agreement by the Bickerstaff Defendants to deprive him of any federally protected rights or an actionable deprivation of his constitutional rights necessary to support such a claim. Second, as legal counsel for the District, the Robinson and Seaquist are entitled to qualified immunity, or in the alternative common law immunity for attorney advocates, which further bars Plaintiff's § 1983 claim against them. Third, as to Plaintiff's claim against BHDA for vicarious liability, Plaintiff does not plead any underlying tort claims against Robinson or Seaquist, which are necessary to support the imposition of vicarious liability on BHDA. Even if he had, attorney immunity bars suit against the Bickerstaff Defendants under Texas law.

In sum, even if Plaintiff believed the District failed to comply with the TPIA while represented by BHDA (it did not), the exclusive remedy under state law is a mandamus action against the District itself, not its counsel. Plaintiff has availed himself of that limited state law remedy in the Amended Complaint. Beyond that, however, neither state nor federal law permits an unlicensed attorney, supposedly aggrieved at being denied the right to appear in a contested hearing, to impose personal liability on a law firm or its attorneys for their work responding to open-records requests. Plaintiff's claims against the Bickerstaff Defendants should therefore be summarily dismissed with prejudice.

## II. Legal Standard

In analyzing a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S 662, 678-79 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of ... entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal citations, quotations, and alterations omitted); *accord Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss for failure to state a claim. *Id.* Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In deciding a motion to dismiss, the court may consider not only the complaint, but also any documents attached to the complaint, and any materials that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.

2000)); *see also Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 763 (5th Cir.2011). Furthermore, the court likewise may consider "matters of which judicial notice may be taken under Federal Rule of Evidence 201," such as public records or the Court's own file. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citing *Firefighters' Retirement Sys., v. EisnerAmper*, 898 F.3d 553, 558 n.2 (5th Cir. 2018)).

**III. Plaintiff's Lawsuit and Allegations Against the Bickerstaff Defendants**

1. Plaintiff is a Florida resident with a Florida law license who is not licensed to practice law in Texas. (ECF 6, ¶ 13). Nevertheless, he sought to represent Bradley Davis, a Texas resident, and his Texas company Woodloch MPH LLC ("Woodloch"), "in a dispute with the Harris-Galveston Subsidence District over the renewal of Woodloch's aggregate groundwater well permit." (*Id*. ¶ 2). However, as Plaintiff lacked a Texas law license, the ALJ, Defendant Helen Truscott, did not allow Plaintiff to appear as counsel in the proceeding. (*Id.* § 22). Plaintiff makes no allegation that any of the Bickerstaff Defendants played any role in the contested case hearing before the District; rather, Plaintiff sues Defendants Robinson, Seaquist, and BHDA only in connection with their representation of the District in regard to evaluating and responding to his TPIA requests. (ECF 6, ¶ 48; *see also*, ¶ 16(v)(b)).

**A. Plaintiff's Allegations Against Attorney Lori Robinson**

2. In framing his allegations against Defendant Robinson, Plaintiff avers that "Robinson is a Bickerstaff partner who directed HGSD's responses to the Requests, and is sued individually under color of state law, including the serial written representations of complete production pleaded below." (ECF 6, ¶ 28).

3. Plaintiff alleges that on April 29, 2025, he served "a request for public information on HGSD's custodian of records (the "***First Request***"). A "***Second Request***" followed on

September 30, 2025, and a "***Third Request***" on November 10, 2025." (ECF 6, ¶ 48). In response to one or more of these requests, Robinson, as the District's legal counsel, requested an opinion from the Office of the Attorney General of Texas ("OAG") as to whether materials responsive to the request(s) could be withheld under the Act. (*Id.,* ¶ 49; *see also* Tex. Gov't Code 552.301). In response, Plaintiff states that he "filed a Response in Opposition to HGSD's request for an Attorney General opinion (OAG Tracking ID OR25027579), showing that HGSD's own request was untimely . . . and rested on misleading assertions by Robinson; on July 11, 2025, he filed a Supplemental Filing." (ECF 6, ¶ 49).

4. On August 20, 2025, the OAG issued its ruling in which it (1) found the District's request timely; (2) held that some of the requested information could be withheld; and (3) held the remaining information subject to release. (ECF 6, ¶ 52); *see also* OR2025-30042, 2025 WL 4197042 (Aug. 20, 2025). On September 5, 2025, Plaintiff asserts that Robinson acknowledged that the District was in receipt of the Letter Ruling, stated that redactions were being prepared for the documents subject to release, and allegedly promised release of the subject information by September 15, 2025. (ECF 6, ¶ 53). Plaintiff next alleges that, on September 22, 2025, Robinson informed him that due to unforeseen circumstances, the remaining responsive information would be provided by October 29, 2025. (ECF 6, ¶ 54). On November 7, 2025, Robinson provided a file-sharing link to what the District believed were the remaining responsive documents, which Plaintiff contends were inadequate. (ECF 6, ¶ 77).

5. Plaintiff further contends that, in responding to his Third Request under the TPIA on November 25, 2025, Robinson "issued a cost estimate so high that Plaintiff rejected it in writing as prohibitive." (ECF 6, ¶ 83); *see also* TEX. GOV'T CODE § 552.2615. Thereafter, on December 9, 2025, Plaintiff asserts he "bifurcated his requests and demanded that HGSD 'immediately

release all previously-requested records that are long overdue.'" (ECF 6, ¶ 84). Plaintiff alleges that Robinson responded on December 16, 2025, and reattached "the same conflicting PDF Violation Letters" while Robinson maintained that Plaintiff's demand for native-format records with metadata had been satisfied, which Plaintiff disputes. (ECF 6, ¶ 85).

6. Ultimately, Plaintiff complains that "[s]ince April 29, 2025, HGSD's records function under Robinson has produced records piecemeal, late, and incomplete; substituted scanned PDFs for the native records requested; and never produced the Board authorizations, fee calculations, or mailing records at the heart of this dispute." (ECF 6, ¶ 125). He alleges counsel made false completeness representations at four points because production was successively supplemented after each. (ECF 6, ¶ 126–27). He further asserts Robinson disregarded his "right to production 'in the requested medium'" by producing scanned/exported PDFs rather than Excel workbooks with metadata. (ECF 6, ¶ 130).

7. In support of his conspiracy claim as to Robinson, Plaintiff makes the conclusory allegation that each of the Defendants "act[ed] in concert and under color of state law" and "reached an agreement to deprive Plaintiff of rights secured by the First and Fourteenth Amendments: to punish and silence his petitioning, remove him from the representation, and conceal the records that would expose the Penalty's baselessness." (ECF 6, ¶ 253). He contends they "functioned, in substance, as a single closed enterprise," with "common objectives [being] the collection of an unadjudicated six-figure exaction, the concealment of the records that would expose its baselessness, and the elimination and discrediting of the advocate pressing for them." (ECF 6, ¶ 254) (cleaned up). As evidence for Robinson's agreement to this fantasized conspiracy, Plaintiff points only to "Robinson's and Martin's parallel false assurances of complete production."

**B. Allegations Against Attorney Gunnar Seaquist**

8. As with Robinson, Plaintiff sues Seaquist solely because "Defendant Seaquist is a Bickerstaff partner who participated in HGSD's public-information function, and is sued individually for conduct under color of state law." (*Id.*, ¶ 29). Plaintiff's factual allegations against Seaquist consist of the single, conclusory recital that "Seaquist—on information and belief, participation (sic) in the records-response function with knowledge of its falsity, and silence in the face of Plaintiff's verified notice.[1]

**C. Plaintiff's Allegations Against BHDA**

9. Finally, Plaintiff sues BHDA solely on a theory of respondeat superior, clarifying in his complaint that "Defendant Bickerstaff is sued for its attorneys' acts within their agency." (*Id.*, ¶ 30).

**IV. Arguments and Authorities**

Plaintiff's Amended Complaint asserts two causes of action against the BHDA Defendants: his Count VII alleging conspiracy to violate his constitutional rights via 42 U.S.C. § 1983, and his Count VIII asserting respondeat superior against BHDA under Texas Law. In each instance, Plaintiff has failed to state a claim which the court may grant relief, and his claims against the Bickerstaff Defendants should be dismissed.

**A. Plaintiff Fails to Plead a Valid Conspiracy Claim Against the Bickerstaff Defendants.**

To state a civil conspiracy claim under § 1983, Plaintiff must plead facts plausibly showing that there was an agreement among the alleged co-conspirators to deprive him of his constitutional

[1] Plaintiff alleges that in connection with the contested case proceeding, he submitted a "verified omnibus motion…served on all counsel—seeking, *inter alia*, the disqualification of Truscott, Martin, and Ellis." ECF 6, ¶ 67. It appears to be this motion for which he complains that Seaquist did not respond. *Id.* ¶ 258. Plaintiff, however, identifies no legal duty for any counsel outside of the contested case proceeding, particularly Seaquist, to respond to such a motion.

rights and that such an alleged deprivation actually occurred. *Montgomery v. Walton*, 759 Fed. Appx. 312, 313 (5th Cir. 2019) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Estate of Farrar v. Cain*, 941 F.2d 1311, 1313 (5th Cir. 1991)); *see also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990) ("[A] conspiracy claim is not actionable without an actual violation of section 1983."). In other words, the private and the public actors must have entered into an agreement to commit an illegal act, and a plaintiff's constitutional rights must have been violated as a result. *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir.2008) (citing *Cinel*, 15 F.3d at 1343). As to the first element, Plaintiff must "allege specific facts to show an agreement." *Priester v. Lowndes* County, 354 F.3d 414, 421 (5th Cir.2004); *see also Lynch v. Cannatella*, 810 F.2d 1363, 1369 (5th Cir.1987) ("Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based."). As to the second element, Plaintiff must demonstrate an independent constitutional violation for which the defendants are not entitled to qualified immunity. *Bevill v. Fletcher*, 26 F.4th 270, 275 (5th Cir. 2022). In this case, Plaintiff cannot satisfy either element, and his § 1983 civil conspiracy claim therefore fails to state an entitlement to relief.

**1. Plaintiff's allegations fail to plausibly show any agreement by the Bickerstaff Defendants to violate his constitutional rights.**

At the outset, Plaintiff's civil conspiracy claim against the Bickerstaff Defendants fails because he pleads no facts to show that these defendants entered into any agreement to deprive him of his rights under either the First or Fourteenth Amendment. Once again, "[c]onclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983." *Montgomery*, 759 Fed. Appx. at 313 (5th Cir. 2019) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1023–24 (5th Cir. 1982)). "Although [courts] accept well-pleaded facts as true and view them in the light most favorable to the plaintiff,

a complaint 'that offers labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement' is not plausible for purposes of Rule 12(b)(6)." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009))). Therefore, to establish his conspiracy claim, Plaintiff was required to plead specific, nonconclusory facts from which the Court could plausibly infer that the Bickerstaff Defendants entered into an agreed course of conduct aimed at violating Plaintiff's federal civil rights. *Priester*, 354 F.3d at 420 (5th Cir. 2004) ("Allegations that are merely conclusory, without reference to specific facts, will not suffice" to establish a § 1983 conspiracy claim)).

Plaintiff makes no such allegations, as indeed, nothing of the sort has ever transpired. Plaintiff's alleged constitutional injuries are that he was accused of the unlicensed practice of law and barred from acting as counsel in the contested case hearing (1) in violation of his right to petition under the First Amendment and (2) without due process in violation of the Fourteenth Amendment. Even assuming those were cognizable as constitutional harms, which as discussed below they are not, Plaintiff pleads no facts to plausibly suggest that the Bickerstaff Defendants played a role in any of these alleged actions—as, of course, they did not.

Instead, Plaintiff's pleading confirms that the only role BHDA and its attorney's played in this case is was as legal counsel in connection with evaluating and responding to TPIA requests. Consequently, as support for a conspiratorial agreement by the Bickerstaff Defendants, Plaintiff makes only the conclusory recital that the alleged agreement among the Defendants to violate his rights "was evidenced" by:

> the three-day span between Martin's accusation and Truscott's Disqualification Ruling granting relief no one requested; Ellis's role in the No-Contact Directive; Robinson's and Martin's parallel false assurances of complete production; the real-time circulation of Plaintiff's correspondence among HGSD's lawyers; Truscott's ex parte communications with the General Manager's counsel; and the uniform silence that met Plaintiff's April 15, 2026 verified declaration.

(ECF 6, ¶ 255). Of the six items Plaintiff lists as "evidence" of a purported agreement, only one even mentions a BHDA lawyer and even then, only in the context of a TPIA response.

In other words, Plaintiff's sole averment in support of the Bickerstaff Defendants' alleged agreement to deprive him of his constitutional rights is that Martin, as independent counsel for the District's General Manager, and Robinson, as counsel representing the District in regard to TPIA requests, both assured Plaintiff of their belief that they had provided a complete response to his various TPIA requests, when he believes that was not the case. *Id.* Even accepting that contention as true and viewing it in the light most favorable to him, Plaintiff does not, and cannot, draw any connection between the assurances of a complete production in response to his TPIA requests and his alleged constitutional harm of being denied the ability to act as counsel in the contested case proceeding.

Beyond that, as the Supreme Court made clear in *Bell Atlantic Corp. v. Twombly*, ". . . an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." 550 U.S. 544, 556–57 (2007). To the contrary, Plaintiff's allegation that Robinson assured Plaintiff that production was complete, but later provided additional tranches of production as more responsive information was subsequently identified, is equally—and, in fact more—consistent with Robinson's and the District's ongoing efforts at compliance with the TPIA than the pursuit of any unlawful course of action. (ECF 6, ¶ 258); *see Twombly*, 550 U.S. at 554 ("The inadequacy of showing parallel conduct or interdependence, without more, mirrors the behavior's ambiguity: consistent with conspiracy, but just as much in line with a wide swath of rational and competitive business strategy unilaterally prompted by common perceptions of the market.").

And Plaintiff's allegations regarding Seaquist are even more abjectly conclusory as he states only that Seaquist, "*on information and belief*, participated in the records response function with knowledge of its falsity, and silence in the face of Plaintiff's verified notice." (ECF 6, ¶ 258) (emphasis added). The bare recital of Seaquist's "participation in the records response function with knowledge of its falsity," in addition to being categorically false, falls well short of the reference to specific facts required to demonstrate the requisite agreement to violate constitutional rights necessary to sustain a § 1983 conspiracy claim. *Priester*, 354 F.3d at 420 (5th Cir. 2004). Likewise, the suggestion that Seaquist failed to answer Plaintiff's "verified notice" is equally unavailing, as Seaquist had no reason, let alone the legal obligation, to answer or otherwise respond to an "omnibus motion" submitted as part of contested case in which Seaquist had no involvement, and Plaintiff makes no allegation to the contrary. Thus, even taken as true and viewed in his favor, Plaintiff's allegations amount to nothing more than "[c]onclusory allegations that do not reference specific factual allegations tending to show an agreement" to deprive him of his rights, and Plaintiff's conspiracy claim as pled against Robinson and Seaquist must be dismissed for failure to state a claim. *Montgomery*, 759 Fed. Appx. at 313; *Cinel*, 15 F.3d at 1343.

**2. Plaintiff fails to plausibly plead a deprivation of his constitutional rights.**

Beyond Plaintiff's failure to plausibly plead the requisite existence of an agreement, Plaintiff has further failed to plausibly plead the second element of a deprivation of his constitutional rights. *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019). Plaintiff asserts that "[t]he agreement and overt acts pleaded above deprived Plaintiff of his First and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983 . . . ." (ECF 6, ¶ 262). Plaintiff alleges that the violations of these rights manifested in the form of "punish[ing] and silenc[ing] his petition, remov[ing] him from representation, and conceal[ing] the records that would expose the Penalty's

baselessness." (ECF 6, ¶ 253) (cleaned up). However, when considering these allegations, it is clear that Plaintiff has not plausibly pled any deprivation of his rights.

**a. Plaintiff does not have a constitutionally protected right to practice law without a license in Texas.**

As mentioned previously, *Plaintiff himself admits that he is not licensed to practice law in the State of Texas*. (ECF 6, ¶ 71). To this point, considering the alleged abridgment or silencing of Plaintiff's "petition" and "representation," it is beyond *reasonable* dispute that Plaintiff was practicing a law without a license in Texas, and thus Plaintiff cannot articulate a constitutional deprivation based on this to support his conspiracy claim.

Texas law generally restricts the practice of law to those with an active State Bar of Texas license. TEX. GOV'T CODE § 81.102(a). Furthermore, the Texas Supreme Court "may promulgate rules prescribing the procedure for limited practice of law by: (1) attorneys licensed in another jurisdiction." TEX. GOV'T CODE § 81.102(b). The Texas Legislature has defined the "practice of law" to mean:

> the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.

TEX. GOV'T CODE § 81.101(a). As summarized by the GDHM Defendants in their *Motion to Dismiss* and recently filed reply (ECF 10, p. 19; ECF 15, pp. 12-14), Plaintiff's description of his activities patently show that he was engaged in the practice of law in Texas: he claims he was "retained" by Texas clients; he contacted the District's general counsel on his client's behalf; he demanded that the District provide his client relief; he attempted to, and did, appear at District board meetings "on his Clients' behalf;" he communicated with the Hearing Examiner and counsel in the Woodloch contested case proceeding; he demanded to be copied on all communications in

that proceeding; and he drafted and served a 40-page "Emergency Omnibus Motion for Relief" during that proceeding seeking relief for his purported client. (ECF 6, ¶¶ 42, 46, 86-88).

To the extent Plaintiff is attempting to articulate a deprivation of his First Amendment rights premised on the alleged denial of his ability to practice law without complying with Texas authorities, that is a *facially* inadequate basis to support a claim under § 1983. Indeed, states have a compelling interest in the regulation of professions, including the practice of law, and the Constitution does not prohibit such regulation. *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792, (1975); *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1262 (5th Cir. 1983) (the "right to counsel does not ... entail absolute freedom of choice. Counsel must be a member of the bar and must be admitted to practice before the court in which he appears .... The choice is never completely unfettered."). As Plaintiff was not (and is not) licensed to practice law in the State of Texas, he cannot thus state a deprivation of his rights necessary to support his conspiracy claim. To the extent Plaintiff's conspiracy claim hinges on that constitutional injury, it is facially defective and must be dismissed.

**b. Plaintiff's allegations concerning the TPIA do not give rise to a constitutional violation.**

To the extent Plaintiff attempts to allege a  deprivation based on not receiving records under the TPIA, that effort likewise fails to state a claim. As a threshold matter, the TPIA is a state law; thus, any violation of its terms would not constitute a violation of rights secured by the Constitution or laws of the United States. *See Gonzalez v. Northside Indep. Sch. Dist.*, No. SA-20-VS-00926-XR, 2020 WL 5640459 at *5 (W.D. Tex. 2020); *see also Plustache v. City of New Orleans*, 2021 WL 4948182, *4 (E.D. La. 2021), (quoting *Lewis v. Jackson,* 2016 WL 1103904, *4 (M.D. La. 2016) ("a failure to honor a public records request is a violation of state law only and does not implicate any federal constitutional or statutory rights.")). Likewise, as TPIA requests are a

creature of Texas statute—not the U.S. Constitution—any attempt by Plaintiff to bring TPIA requests within the scope of the First Amendment therefore fails. *See Johnson v. Town of Prosper*, No. 4-23-CV-650, 2025 WL 1811510 at *18 (E.D. Tex. July 1, 2025) (Mazzant, J.) (citing *McBurney v. Young*, 569 U.S. 221, 232 (2013)); *see also Dallas Police & Fire Pension Sys. v. Alexander,* No. 417-CV-00631-ALM-KPJ, 2020 WL 9936144, at *11 (E.D. Tex. Mar. 26, 2020) ("TPIA requests are not constitutionally protected speech ... Section 1983 does not protect [plaintiff's] state rights under Texas statutes.")

And to the extent Plaintiff attempts to assert a procedural due process claim related to allegedly deficient responses to his open-records requests, that claim also fails as a matter of law. *Id*. The TPIA generally provides "that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government." TEX. GOV'T CODE § 552.001. Thus, while the TPIA provides public access to certain categories of public information, it also contains a series of statutory exclusions and confidentiality provisions excepting other information from required public disclosure. *See* TEX. GOV'T CODE § 552.022; *but see* TEX. GOV'T CODE §§ 552.101-164. The TPIA provides specific requirements for members of the public to make an open-records request, and expressly authorizes the governmental entity, upon receipt of such a request, to seek a ruling from the Office of the Attorney General of Texas as to whether the requested information must be released. *Id.* §§ 552.324; 552.301, 552.306. Thus, at least one judge in the Southern District has found that that the TPIA does not create a unilateral entitlement creating a protected property interest sufficient to sustain a due process claim. *See Hilborn v. Klein Indep. Sch. Dist.*, H-09-840, 2009 WL 3674517 at *1 (S.D. Tex. October 9, 2009) (Miller, J.) (Dismissing with prejudice due process claim premised on failure to comply with the Texas Public

Information Act because "the court determined neither state act created a protected property interest and Hilborn thus failed to state a valid claim under § 1983.").

Moreover, even if the TPIA created a vested property interested protected under the Fourteenth Amendment, the Act sets forth a comprehensive administrative procedure for redressing complaints regarding failures to comply with the Act. *See* TEX. GOV'T CODE § 552.321, et seq. A complainant may file a complaint with the local district or county attorney, and if the result is not favorable, a complaint with the Attorney General of Texas. *See id.* at § 552.3215(e); *see also Trevino-Garcia v. Univ. of Tex. Health Sci. Ctr. Sch. of Med.*, Civ. A. No. 09-CA-0572-XR, 2009 WL 5195962, at *5 (W.D. Tex. Dec. 21, 2009). If still unsatisfied, the TPIA provides Plaintiff a specific judicial remedy in the form of a mandamus action, which must be filed in a district court for the county in which the main offices of the governmental body are located. *Id.* at § 552.321. Indeed, Plaintiff has asserted precisely that claim (albeit in an impermissible forum) in this suit. In analyzing the analogous remedies under Louisiana's public information statute, the Fifth Circuit held, in a per curiam opinion, that these post-deprivation remedies were adequate to address a failure to produce public records such that a procedural due process claim based on a violation of the act would not lie. *Williams v. Kreider*, 996 F.2d 306 (5th Cir. 1993).

The upshot is that, on the face of the Amended Complaint, Plaintiff fails to plead any facts from which the Court could plausibly infer that the Bickerstaff Defendants entered into an agreement to commit an illegal act or that Plaintiff's constitutional rights were violated as a result. *Tebo* 550 F.3d at 496; *Cinel*, 15 F.3d at 1343. As a result, Plaintiff's Count VII must be dismissed.

**B. The Individual Bickerstaff Defendants Are Also Entitled to Dismissal on Qualified Immunity Grounds.**

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and

(2) that the right was 'clearly established' at the time of the challenged conduct." *Santander v. Salazar*, 133 F.4th 471, 478 (5th Cir. 2025) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). In *Filarsky v. Delia*, the Supreme Court held that a private attorney retained by a municipality to conduct an investigation into potential wrongdoing was entitled to seek the protection of qualified immunity. 566 U.S. 377, 393-94 (2012). In doing so, the Supreme Court noted that "[a]t common law, those who carried out the work of government enjoyed various protections from liability when doing so, in order to allow them to serve the government without undue fear of personal exposure." *Id.* at 380. And, the Court pointed out, in providing protection to those carrying out government responsibilities, the common law did not draw a distinction between public servants and private individuals engaged in public service. *Id.* at 387. Assuming these principles of immunity were incorporated into our judicial system, the Court similarly concluded that "immunity under § 1983 should not vary depending on whether an individual working for the government does so as a full-time employee, or on some other basis." *Id.* at 389. In this case, Plaintiff himself asserts that his claims against the Robinson and Seaquist are "sued individually for conduct under color of state law." (*See* ECF 6, ¶¶ 28–29). As BHDA was retained to assist with the District's discharge of its duties under the TPIA, a capacity which Plaintiff clearly articulates, ECF 6, ¶ 16, the individual Bickerstaff Defendants are entitled to seek the protection of qualified immunity, which bars Plaintiff's § 1983 claim against them.

"Qualified immunity shields government officials from liability when they are acting within their discretionary authority and their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 418 (5th Cir. 2008). To determine if qualified immunity applies, the district court follows a two-step process. First, the court determines whether

the plaintiff has asserted a violation of a clearly established constitutional or statutory right. *Id.* (citations omitted). "If no constitutional right would have been violated were the allegations established, the inquiry ends." *Id.* If an official has violated a person's federal civil rights, the second analytical step is to determine whether the official's actions were objectively reasonable in light of the clearly established law. *Id.* at 419.

To satisfy the second prong, Plaintiff "must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan v. Swanson*, 659 F.3d 459, 371-72 (5th Cir. 2011) (internal quotation marks and citations omitted). "Where no controlling authority specifically prohibits a defendant's conduct[,] . . . the law cannot be said to be clearly established. . . . [G]eneralizations and abstract propositions are not capable of clearly establishing the law". *Id.* at 372. While there need not be a decision directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. Al-Kidd*, 131 S.Ct. 2074, 2083 (2011) (emphasis added). "In other words, existing precedent must squarely govern the specific facts at issue, such that only someone who is plainly incompetent or who knowingly violates the law would have behaved as the official did." *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 337 (5th Cir. 2020) (citation and internal quotation marks omitted). The Supreme Court has "repeatedly told courts not to define clearly established law at a high level of generality." *Mullenix v. Luna*, 557 U.S. 7, 12 (2015) (citation omitted). Further, an official's actions must be judged in light of the circumstances that confronted him, without the benefit of hindsight. *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L. Ed. 2d 443 (1989). Ultimately, a plaintiff must allege facts sufficient to demonstrate that no reasonable officer could have believed his actions were proper. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

Here, Plaintiff's suit fails under both prongs of qualified immunity. For the reasons articulated above, none of Plaintiff's alleged claims for relief state a violation of a constitutional or statutory right, and the inquiry can end there. Yet, even assuming a violation, Plaintiff has failed to plead any facts to show that any individual Defendant's actions were not objectively reasonable in light of clearly established law. Notably, he must make this showing as to each defendant based on that "official's own individual actions." *Iqbal*, 556 U.S. at 676. And he must do so with particularity. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). The complaint cannot lump defendants together or rely on abstract grievances. *See Meadours v. Ermel*, 483 F.3d 417, 422 (5th Cir. 2007). Here, at best, Plaintiff's allegations distill to the mistaken contention that Robinson failed to comply with the TPIA and the conclusory allegation that Seaquist participated in that failure in some unspecified manner. But Plaintiff can point to no authority clearly establishing that any of these actions violate the constitution on the facts at issue, as indeed, the established law is to the contrary. Qualified immunity therefore shields each of the individual Bickerstaff Defendants from Plaintiff's claim herein, and those individual capacity claims must be dismissed.

**C. Plaintiff Fails to State a Claim Against BHDA Under State Tort Law.**

In his Count VIII ("Respondeat Superior / Vicarious Liability (Texas Law)), Plaintiff asserts that "each firm, including Bickerstaff, is liable for its attorneys' tortious acts pleaded herein to the fullest extent the law permits." (ECF 6, ¶ 266). Furthermore, Plaintiff alleges that:

> Each firm is also liable for its own institutional conduct: on April 15, 2026, Plaintiff transmitted a verified declaration documenting the misconduct alleged herein to twenty-four named attorneys at GDHM and Bickerstaff, and the Omnibus Motion — served on all counsel in November 2025 and repeatedly thereafter — sought the disqualification of the conflicted lawyers by name. No firm investigated, corrected, withdrew, or made any remedial effort; each instead continued the representations and retained their benefits.

(ECF 6, ¶ 267). However, these claims are *facially* inadequate and should be dismissed.

Firstly, concerning BHDA's alleged liability under the doctrine of *respondeat superior*, Plaintiff does not plead any tort claims under Texas law against Robinson or Seaquist, so vicarious liability cannot be imposed on BHDA. As the Texas Supreme Court has clarified, "'[r]espondeat superior" is not an independent cause of action; rather, it is a basis on which a party may be held vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment." *Walgreens v. McKenzie*, 713 S.W.3d 394, 397 n.2 (Tex. 2025) (citing *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130–31 (Tex. 2018)). Thus, "this liability theory fails if the underlying claims fail." *Id.* As Plaintiff does not plead any underlying tort claims against Robinson and Seaquist, his vicarious liability claims against BHDA must be dismissed. Further, Plaintiff's claim against BHDA for its "institutional conduct" does not constitute a plausible basis for relief under any theory sounding in tort under Texas law. As Plaintiff's allegations against BHDA amount to no more than "naked assertions" devoid of "further factual enhancement," Plaintiff's institutional conduct claim should be dismissed. *Iqbal*, 556 U.S. at 678.

**D. Attorney Immunity Further Bars Plaintiff's Claims.**

Alternatively, even if Plaintiff could state an actionable tort claim against the Bickerstaff Defendants under Texas, those claims would be barred by attorney immunity. "The common-law attorney-immunity defense applies to lawyerly work in 'all adversarial contexts in which an attorney has a duty to zealously and loyally represent a client' but only when the claim against the attorney is based on 'the kind of conduct' attorneys undertake while discharging their professional duties to a client." *Taylor v. Tolbert*, 644 S.W.3d 637, 646 (Tex. 2022). Here, Plaintiff's claims against the Bickerstaff Defendants directly target BHDA's representation of the District in its discharge of its duties under the TPIA. Evaluating such requests for exceptions under the Act, drafting a request for an attorney general ruling on those exceptions, and compiling and making

necessary redactions to responsive documents are classic "lawyerly work" under *Taylor*. As such, Plaintiff's claims fundamentally concern "'the kind of conduct' attorneys undertake while discharging their professional duties to a client." *Id.* Thus, any state law tort claim that Plaintiff might otherwise assert against BHDA or its attorneys falls squarely within the ambit of Texas's attorney immunity and is barred as a matter of law.

In the same vein, federal common law entitles the Bickerstaff Defendants to absolute immunity on Plaintiff's federal claims, as well. The Supreme Court has explained "[a]bsolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions. *Butz v. Economou*, 438 U.S. 478, 512) (1978). Here, Plaintiff sues the Bickerstaff Defendants in connection with their advocacy, both before the OAG and in responding to his TPIA requests. To safeguard the role of a government attorney in evaluating the government's legal position, advocating on its behalf, and counseling it in performing its duties, attorney immunity should safeguard the BHDA attorneys, as well. Accordingly, in addition to the foregoing bases for dismissal, the BHDA Defendants are also entitled to dismissal pursuant to the protections for advocates available at common law. *Id.*

**Prayer**

For these reasons, the Bickerstaff Defendants pray that Plaintiff's claims against them be dismissed in their entirety with prejudice to refiling the same, and for such other relief at law and in equity that this Court deems just and proper.

Respectfully submitted,

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
Two Barton Skyway
1601 S. MoPac Expressway, Suite C400
Austin, Texas 78746
(512) 472-8021

(512) 320-5638 FAX

By: /s/ Steven H. Weller

Steven Weller
State Bar No. 24039235
Southern Dist. Bar No. 2943704
*Attorney-in-Charge for All Defendants*

SARA LABASHOSKY
State Bar No. 24129467
slabashosky@bickerstaff.com

CANON P. HILL
State Bar No. 24140247
chill@bickerstaff.com
**Counsel for Defendants**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served upon the *Pro-se* Plaintiff via CM/ECF, email, and or regular mail on September 22, 2026.

Kawa Foad
KF Law
1000 Brickell Ave., Ste. 715
Miami, FL 33131

/s/ Steven H. Weller
Steven H. Weller