**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KAWA FOAD, ESQ.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-05348 |
| | § | |
| **THE HARRIS-GALVESTON SUBSIDENCE DISTRICT, et al.,** | § | Judge Lee H. Rosenthal |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS ROBINSON, SEAQUIST, AND BICKERSTAFF HEATH DELGADO ACOSTA LLP'S MOTION TO DISMISS (ECF NO. 17)**

TO THE HONORABLE LEE H. ROSENTHAL, UNITED STATES DISTRICT JUDGE:

Plaintiff KAWA FOAD, ESQ. ("***Plaintiff***"), proceeding *pro se*, respectfully moves under Federal Rule of Civil Procedure 6(b)(1)(A) for a seven-day extension of time, through and including **October 20, 2026**, to file his response to the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 17) (the "***Motion***") filed by Defendants LORI J. ROBINSON, GUNNAR P. SEAQUIST, and BICKERSTAFF HEATH DELGADO ACOSTA LLP (collectively, the "***Bickerstaff Defendants***"). This Motion is filed before the response deadline expires, and in support Plaintiff shows the following:

1. The Bickerstaff Defendants filed the Motion on September 22, 2026. ECF No. 17. On the same day, Defendant Helen Stewart Truscott filed a separate motion to dismiss raising distinct jurisdictional and immunity grounds. ECF No. 16. Under Local Rule 7.3, both motions are submitted to the Court twenty-one days after filing, and under Local Rule 7.4(A) Plaintiff's responses to both are due by the submission day—**October 13, 2026**.

2. Aside from other pressing matters unrelated to this action, which have taken up significant time, Plaintiff devoted much of the response period to preparing his Response in Opposition to Defendant Truscott's motion (ECF No. 16), a twenty-three-page brief prepared in compliance with Paragraph 9 of the Court's Procedures, which Plaintiff has filed today together with a proposed order. Plaintiff has also prepared substantial portions of his response to the Motion, but cannot complete, verify, and finalize a brief of the quality this Court expects—including the table of contents, table of citations, and the other components required by Paragraph 9.A of the Court's Procedures—before midnight tonight.

3. The Motion is a twenty-page brief asserting at least five independent grounds for dismissal, including the sufficiency of the conspiracy allegations, the existence of a constitutional deprivation, qualified immunity, the viability of the state-law claim, and attorney immunity under Texas law. Each ground implicates a distinct body of authority, and a complete response requires careful treatment of each. Plaintiff respectfully submits that a brief, measured extension serves the Court's interest in deciding the Motion on a fully developed record rather than on an abbreviated response.

4. Rule 6(b)(1)(A) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Because this request is made before the deadline expires, only good cause—not excusable neglect—need be shown. Good cause exists here: Plaintiff is a *pro se* litigant who was required to respond to two dispositive motions, filed by two separately represented groups of defendants, on the same day; he has timely responded to one; and he seeks only seven additional days to respond to the other.

5. This is Plaintiff's first request for an extension of this deadline. It is made in good faith and not for purposes of delay. The requested extension is brief and will not prejudice the Bickerstaff Defendants, who will retain their full reply period under Local Rule 7.4(E) following Plaintiff's response. Plaintiff does not object to a corresponding seven-day extension of the Motion's submission date.

6. Plaintiff acknowledges Paragraph 5 of the Court's Procedures, which calls for a pre-motion conference before a motion seeking a deadline extension is filed, and Paragraph 7, which permits the parties to agree to extend a submission date without leave of Court upon written notice to the Case Manager. Because the deadline expires at midnight tonight, Plaintiff was unable to request a pre-motion conference or to reach counsel for the Bickerstaff Defendants before filing. Plaintiff will contact the Case Manager and defense counsel on the morning of October 14, 2026, will seek the Bickerstaff Defendants' agreement to the extension, and will promptly advise the Court of the result. Plaintiff respectfully asks the Court to excuse the omission in light of the exigency, or alternatively to treat this filing as Plaintiff's written request for a pre-motion conference.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and extend the deadline for Plaintiff to respond to the Bickerstaff Defendants' Motion to Dismiss (ECF No. 17) through and including October 20, 2026, with a corresponding extension of the Motion's submission date, and grant Plaintiff such other and further relief to which he may be justly entitled. A proposed order is submitted herewith in accordance with Local Rule 7.1(C).

Dated: October 13, 2026

Respectfully submitted,

/s/ Kawa Foad
**KAWA FOAD, ESQ.**
Florida Bar No. 1005257
Kawa Foad Law Group, P.A. d/b/a KF Law
1000 Brickell Avenue, Suite 715
Miami, Florida 33131
Telephone: (561) 291-0518
kfoad@kf-law.com
*Plaintiff, pro se*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(D), I certify that, because of the hour at which this Motion is being filed, I was unable to confer with counsel for the Bickerstaff Defendants, Steven H. Weller, Sara Labashosky, and Canon P. Hill, before filing. I will confer with counsel on October 14, 2026, and will promptly file a notice advising the Court whether this Motion is opposed.

/s/ Kawa Foad, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, a true and correct copy of the foregoing Motion and the accompanying proposed order was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Kawa Foad, Esq.