UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAWA FOAD, ESQ., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-05348 |
| | § | |
| THE HARRIS-GALVESTON SUBSIDENCE DISTRICT, ET AL., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT HELEN STEWART TRUSCOTT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant Helen Stewart Truscott, Esq., the appointed hearing examiner presiding over an administrative proceeding challenged in this suit by plaintiff Kawa Foad, Esq., respectfully submits this reply in further support of her Motion to Dismiss Plaintiff's claims against her for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Dkt. 16]

# TABLE OF CONTENTS

TABLE OF CITATIONS .......... iii

SUMMARY .......... 1

ARGUMENT .......... 2

I. The Response Concedes That Foad Cannot State A Claim Against Ms. Truscott In Her "Official Capacity." .......... 2

II. The Response Fails To Foil The Application Of Quasi-Judicial Immunity To Foad's Individual-Capacity Claims Against Ms. Truscott. .......... 4

III. Plaintiff's Claims Against Ms. Truscott Should Be Dismissed With Prejudice. .......... 10

CONCLUSION .......... 11

# TABLE OF CITATIONS

**Cases**

*Banik v. Tamez*,
No. 7:16-CV-00462, 2017 WL 2505653 (S.D. Tex. June 9, 2017) .......... 8

*Beck v. Austin,*
No. SA-19-CV-00525-JKP, 2020 WL 1906096 (W.D. Tex. Apr. 17, 2020) .......... 8

*Bittinger v. Wells Fargo Bank NA*,
No. CIV.A. H-10-1745, 2011 WL 3568206 (S.D. Tex. Aug. 15, 2011) .......... 10

*Bradley v. Fisher*,
80 U.S. (13 Wall.) 335 (1871) .......... 8

*Brewster v. Dretke*,
587 F.3d 764 (5th Cir. 2009) .......... 2, 10

*Brown v. Harris Cty. Housing Auth.*,
No. H-15-2847, 2018 WL 3080880 (S.D. Tex. Jan. 11, 2018) .......... 2, 8

*Butz v. Economou*,
438 U.S. 478 (1978) .......... 2, 5, 7

*Clark v. Amoco Prod. Co.*,
794 F.2d 967 (5th Cir. 1986) .......... 5

*Cleavinger v. Saxner*,
474 U.S. 193 (1985) .......... 5, 6, 7, 8

*D.C. Ct. of Appeals v. Feldman*,
460 U.S. 462 (1983) .......... 3

*Easter v. City of Dallas Prob. Div.*,
No. 3:21-CV-0860-D (BH), 2022 WL 2975349 (N.D. Tex. June 27, 2022) .......... 4

*Fast Capital Mktg., LLC v. Fast Capital LLC*,
No. CIV. A. H-08-2142, 2008 WL 5381309 (S.D. Tex. Dec. 24, 2008) .......... 11

*French v. Rowland*,
No. H-24-03095, 2024 WL 4871500 (S.D. Tex. Nov. 22, 2024) .......... 7

*Gonzalez v. Bexar Cty. Court House*,
No. SA-22-CV-00001-XR, 2022 WL 1830740 (W.D. Tex. June 3, 2022) .......... 7

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,
313 F.3d 305 (5th Cir. 2002) .......... 10

*Hosseini v. Sharp*,
216 Fed. App. 392 (5th Cir. 2006)....7

*Jacquez v. Procunier*,
801 F.2d 789 (5th Cir. 1986) ....11

*Kastner v. Lawrence*,
390 Fed. Appx. 311 (5th Cir. 2010)....9

*Kastner v. Tex. Bd. of Law Examiners*,
278 Fed. Appx. 346 (5th Cir. 2008)....4

*Lance v. Dennis*,
546 U.S. 459 (2006)....4

*Locke v. Rivera*,
No. 422CV00256ALMCAN, 2023 WL 2606585 (E.D. Tex. Mar. 6, 2023), report and recommendation adopted, No. 4:22-CV-256, 2023 WL 2601202 (E.D. Tex. Mar. 22, 2023)..4

*Malina v. Gonzales*,
994 F.2d 1121 (5th Cir. 1993) ....9

*McMillian v. Monroe County*,
520 U.S. 781 (1997) ....2

*Mireles v. Waco*,
502 U.S. 9 (1991)....9

*Morrison v. City of Baton Rouge*,
761 F.2d 242 (5th Cir. 1985) ....10

*Mylett v. Mullican*,
992 F.2d 1347 (5th Cir. 1993) ....7

*ODonnell v. Harris Co., Texas*,
227 F. Supp.3d 706 (S.D. Tex 2016) ....2, 3

*Rooker v. Fidelity Trust Co.*,
263 U.S. 413 (1923)....3

*Samtani v. City of Laredo*,
No. 5:22-CV-076, 2024 WL 1559741 (S.D. Tex. Apr. 10, 2024)....5

*Stump v. Sparkman*,
435 U.S. 349 (1978)....7, 8, 10

*Villarreal v. City of Laredo, Texas*,
94 F.4th 374 (5th Cir. 2024) (en banc) ....5

**Statutes**

42 U.S.C. § 1983 .......... 1, 11

TEX. GOV'T CODE § 81.101 .......... 10

**Rules**

FED. R. CIV. P. 12(b)(6) .......... i, 5

**Other Authorities**

Harris-Galveston Subsidence District Rules, amended Oct. 11, 2023 .......... 6, 7, 9, 10

**SUMMARY**

A Florida attorney without a Texas license has sued an appointed hearing examiner "in her official and individual capacities" for issuing an order disqualifying him from proceedings before the Harris-Galveston Subsidence District. 1st Am. Compl., filed July 24, 2026 [Dkt. 6] ("FAC"), ¶ 22. The hearing examiner, defendant Helen Stewart Truscott, Esq., moved to dismiss all claims against her on four grounds: (1) Ms. Truscott cannot be sued in her "official capacity" under 42 U.S.C. § 1983 because she is not a final policymaker for the District; (2) Plaintiff's "individual-capacity" claims are barred by quasi-judicial immunity; (3) in the alternative, this Court lacks subject-matter jurisdiction to render declaratory relief reversing Ms. Truscott's order under the *Rooker-Feldman* doctrine; and (4) in the alternative, the text of Section 1983 bars an injunction against Ms. Truscott. Mot. to Dismiss, filed Sept. 22, 2026 [Dkt. 16] ("Motion"), at 1, 9–22.

In his Response, *pro se* plaintiff Kawa Foad, Esq. effectively concedes Ms. Truscott's first and last points. *See* Pl.'s Resp. in Opp. to Mot. to Dismiss, filed Oct. 13, 2026 [Dkt. 22] ("Response"), at 15, 16. Therefore, one of the four counts pleaded expressly against Ms. Truscott "*in [her] official capacit[y]*"—Count III—should be dismissed as to her in its entirety. FAC at 61 (emphasis in original). Foad's concessions also moot the Motion's third point. Although Foad's arguments about the *Rooker-Feldman* doctrine in the Response lack merit, the Court need not consider whether it has subject-matter jurisdiction to issue a declaration about Ms. Truscott's ruling at all because Foad pleaded that "prospective relief is sought against her officially" and only requested a declaration in Count III. FAC ¶ 22.

Three topics in the Response remain in dispute: (i) a lengthy, single-spaced list of disputed record characterizations (Response at 4–7); (ii) whether quasi-judicial immunity bars "individual-capacity" claims against Ms. Truscott (*id.* at 9–15); and (iii) whether dismissal should be with prejudice (*id.* at 17–18). Ms. Truscott has the better side of all three issues:

i. Ms. Truscott of course denies that the Motion "rewr[o]te the complaint to attack it." *See* Response at 4. Ms. Truscott has cited the FAC and Motion exhibits with candor, which the Court can assess for itself.

ii. Quasi-judicial immunity applies to Ms. Truscott as a matter of law. *See* Motion at 14–15 (citing *Butz v. Economou*, 438 U.S. 478, 513 (1978); *O'Neal v. Miss. Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997); *Brown v. Harris Cty. Housing Auth.*, No. H-15-2847, 2018 WL 3080880, at *6 (S.D. Tex Jan. 11, 2018)). The Response attempts to analogize this case to different authority, to distract the Court about allegations of purely judicial acts, and to fit Foad's claims in a narrow exception to the immunity doctrine, but each argument fails.

iii. Dismissal should be granted with prejudice. As his extensive defense of his most recent Complaint in the Response makes clear, *see* Response at 4–7, Foad has already pleaded his "best case" against Ms. Truscott. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

The Court should therefore dismiss all four claims against Ms. Truscott.

## ARGUMENT

### I. The Response Concedes That Foad Cannot State A Claim Against Ms. Truscott In Her "Official Capacity."

In his most recent Complaint, Foad "sued [Ms. Truscott] in her official and individual capacities." FAC at 1, 61 (Count III), 70 (Prayer), and ¶¶ 22, 235. In the Response, however, Foad represents that "[t]he 'official capacity' label is a claim against the District." Response at 4, 15–16. Foad further explains that he "has never alleged that Truscott is the District's final policymaker" and affirmatively pleads that "HGSD's Board is its final policymaker." Response at 15; FAC ¶ 213. This Court should therefore dismiss all official-capacity claims against Ms. Truscott without further ado, as municipal liability cannot attach to a defendant who lacks final policymaking authority. *See McMillian v. Monroe County*, 520 U.S. 781, 784–85 (1997); *ODonnell v. Harris Cty., Texas*, 227 F. Supp.3d 706, 753–54 (S.D. Tex. 2016).

Nevertheless, the Response argues that, even if the Court were to "strik[e] the label" of official liability from Foad's pleading about Ms. Truscott, the Court "should not dismiss anything" and that Ms. Truscott "is entitled to no relief on this [undisputed] ground." Response at 15–16.

As a long-standing member of the Bar paying for her own defense, Ms. Truscott is not so cavalier about defending a meritless federal "civil rights" lawsuit. The Motion specifically asks the Court to dismiss Counts I, II, and VII to the extent Ms. Truscott is named in her official capacity and to dismiss Count III in full as to Ms. Truscott because that claim is specifically pleaded "*[a]gainst Defendant[] . . . Truscott in [her] official capacit[y]*." Motion at 12; FAC at 61. This relief is warranted and appropriate.

The Response also argues that Court's ruling in *ODonnell* "illustrates the point" that an official-capacity claim against a hearing officer may survive dismissal when it is merely "duplicative" of claims against a governmental entity. Response at 15–16. Not so. In *ODonnell*, this Court dismissed the official-capacity claims against Harris County hearing officers because such claims "cannot support municipal liability against Harris County." 227 F. Supp.3d at 754. The officers only remained parties to the suit in their personal capacities to defend a declaratory relief claim because the officers conceded that the claim was viable. *Id.* In contrast, Count III seeks declaratory relief against Ms. Truscott only "in her official capacit[y]," FAC at 61, and Ms. Truscott does *not* concede that Foad has sufficiently stated such a claim. Like the hearing officers in *ODonnell*, Foad's claims against Ms. Truscott cannot support liability against the District and should be dismissed. *ODonnell*, 227 F. Supp.3d at 753–54.

Dismissing at least Count III as to Ms. Truscott is not merely an academic exercise. The Motion argued that Foad's request for a declaration in Count III "that the October 20, 2025 Disqualification Ruling" issued by Ms. Truscott is "unlawful and void" should be dismissed under the *Rooker-Feldman* doctrine. *See* Motion at 16–19 (citing, *inter alia*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). In the Response, Foad argued that (a) Ms. Truscott's Disqualification Ruling did not fall under the doctrine because

it was not technically a state-court judgment and (b) the doctrine does not bar actions by attorney nonparties to the state judgment, like Foad. Response at 8–9. Foad's first point ignores the fact that the Fifth Circuit has extended *Rooker-Feldman* to decisions of court-like tribunals, such as administrative decisions by the Texas Board of Legal Examiners denying admission to the State Bar. *See, e.g.*, *Kastner v. Tex. Bd. of Law Examiners*, 278 Fed. Appx. 346, 349 (5th Cir. 2008); *Locke v. Rivera*, No. 422CV00256ALMCAN, 2023 WL 2606585, at *3 (E.D. Tex. Mar. 6, 2023), report and recommendation adopted, No. 4:22-CV-256, 2023 WL 2601202 (E.D. Tex. Mar. 22, 2023). And Foad's second point misreads *Lance v. Dennis*, 546 U.S. 459, 466 n.2 (2006), which expressly declined to bar an action by a nonparty on the facts before it while noting that, in other circumstances, a court may apply the doctrine to "a party not named in" an earlier proceeding. Other courts have done just that. *See, e.g.*, *Easter v. City of Dallas Prob. Div.*, No. 3:21-CV-0860-D (BH), 2022 WL 2975349, at *3 (N.D. Tex. June 27, 2022). The Court, however, need not consider whether it has subject-matter jurisdiction to issue a declaration about Ms. Truscott's ruling under *Rooker-Feldman* any longer because Foad pleaded that "prospective relief is sought against her officially" and only requested a declaration in Count III. FAC ¶ 22.

## II. The Response Fails To Foil The Application Of Quasi-Judicial Immunity To Foad's Individual-Capacity Claims Against Ms. Truscott.

Foad has been overtly aware that "judicial immunity" may "attach" to Ms. Truscott since he first filed suit. *See* Compl., filed on July 7, 2026 [Dkt. 1], ¶ 19 ("Damages are sought [against Ms. Truscott] only for conduct to which judicial immunity does not attach[.]"); FAC ¶ 22 (same). The Response also acknowledges that key cases cited in the Motion immunized hearing examiners like Ms. Truscott "for their judicial acts." Response at 10 (citing *Butz*, 438 U.S. at 512–14 ("There can be little doubt that the role of the modern . . . hearing examiner or administrative law judge within this framework is 'functionally comparable' to that of a judge.")). Yet, the Response makes

three arguments resisting immunity here: Foad (a) analogizes this case to *Cleavinger v. Saxner*, 474 U.S. 193 (1985), (b) alleges that the Court should focus on whether judicial protocols were *actually afforded* to Foad rather than whether applicable rules provided such protocols, and (c) argues that an exception to judicial immunity applies here because Ms. Truscott allegedly acted without *any* jurisdiction. Response at 11–14. These arguments fail for four reasons.

*First*, Foad's attack on Ms. Truscott's quasi-judicial immunity defense is founded on the wrong standard. To justify an emphasis on bald allegations in the First Amended Complaint, the Response asserts that, "[a]t the pleading stage," a defendant's burden to prove up an immunity defense "must be carried on the face of the complaint." Response at 10 (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). But *Clark* did not involve an immunity defense. *Clark*, 794 F.2d at 969 (reviewing dismissal based on "the doctrines of presumed lost deed and laches"). Courts reviewing a Rule 12(b)(6) motion on immunity grounds can "consider documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Samtani v. City of Laredo*, No. 5:22-CV-076, 2024 WL 1559741, at *1 (S.D. Tex. Apr. 10, 2024) (citing *Villarreal v. City of Laredo, Texas*, 94 F.4th 374, 382, n.2 (5th Cir. 2024) (en banc)).

Foad's immunity arguments conflict with the record "central to" his claims—as well as with reality. For example, the Response insists that Ms. Truscott engaged in "*Ex parte contact*" sufficient to disqualify her from the immunity protections afforded under *Butz v. Economou*. Response at 12. But the lone email supporting this allegation (a) was an initial, non-substantive communication requesting potential dates for a pre-hearing conference, (b) plainly excluded Foad as an oversight, as the email was addressed to him in the message body, and (c) was immediately forwarded to Foad, resulting in no possible prejudice. *See* Pl.'s Appendix in Support of FAC, filed July 24, 2026 [Dkt. 6-1], at 60. Likewise, the Response would have the Court blindly adopt Foad's

allegation that Ms. Truscott issued the Disqualification Ruling on October 20, 2025 without "notice, briefing, or any opportunity to be heard." Response at 12. But, on October 17, 2025, Foad himself told Ms. Truscott, "I am not licensed in Texas," yet argued based on a "cursory review of relevant authorities" that he should "be allowed to represent my clients without having to obtain local counsel pursuant to *pro hac vice* papers." Motion Exh. 2 [Dkt. 16-2] at 2–3. Foad's opposing counsel briefed the contrary position that same day. *Id.* at 1–2. Surely such thin and unwarranted allegations cannot defeat quasi-judicial immunity, particularly in the face of the compelling legal points below.

*Second*, Foad's heavy reliance on *Cleavinger* is misplaced. In *Cleavinger*, the Supreme Court held that qualified immunity, rather than absolute immunity, applied to the members of a prison disciplinary committee who imposed sanctions on two inmates accused of promoting a prisoners' union. 474 U.S at 206. After reiterating that an immunity analysis under *Butz* should focus on the "nature of the responsibilities of the individual official" rather than "rank or title" alone, *id.* at 201, the Court identified at least six functional differences between the disciplinary committee members' function and a "classic adjudicatory one": (a) the members were prison officials, "not professional hearing officers;" (b) the members were "direct subordinates of the warden who reviews their decision;" (c) members were "often" asked to make credibility decisions "between a co-worker and an inmate;" (d) a person appearing before the members had no right to a lawyer or independent nonstaff representative; (e) the committee process featured "no right to discovery;" and (f) the committee had no policy in place with an identified judicial process. *Id.* 201, 203–04, 206 (internal quotations omitted). These details do not resemble the facts here. Ms. Truscott is a "private" attorney appointed by the District's general manager, not an employee or conflicted colleague of the District. FAC ¶ 124; Motion Exh. 1 [Dkt. 16-1] at 2 (Rule 1.1(p)).

The District Rules grant parties before Ms. Truscott both the right to be represented by counsel and "the right to conduct discovery." Motion Exh. 1 [Dkt. 16-1] at 23, 27 (Rules 7.3(c) & 7.5(d)). The District Rules also set out a robust judicial process involving a hearing examiner, particularly for contested cases like the underlying proceedings. *See* Motion Exh. 1 [Dkt. 16-1] at 26–30 (Rules 7.5(a)(2), 7.5(b), 7.5(e), 7.5(i), 7.5(j), 7.5(l), 7.5(p), 7.5 (q), 7.5(r), 7.5(s), 7.5(u), 7.6(a)). Indeed, as discussed below, the Response concedes that "the District's Rules *provide*" such process. Response at 12 (emphasis in original).

The Response's specific criticisms of the "process" afforded Foad also do not necessitate the same result as *Cleavinger*. Foad argues that his allegations questioning Ms. Truscott's "*Independence*" render proceedings before her nonjudicial under *Cleavinger*, Response at 11, but courts have granted judicial immunity in the face of bias allegations. *See, e.g.*, *Hosseini v. Sharp*, 216 Fed. App. 392, 392 (5th Cir. 2006); *Gonzalez v. Bexar Cty. Court House*, No. SA-22-CV-00001-XR, 2022 WL 1830740, at *2 (W.D. Tex. June 3, 2022). Indeed, the Supreme Court rejected a similar argument in *Butz*, when it extended "absolute immunity" to quasi-judicial officials who also happen to be employed by the administrative agency prosecuting the plaintiff. *Butz*, 438 U.S. at 511 ("Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities."). Foad also argues that his allegations of "*Ex parte contact*" render proceedings nonjudicial under *Cleavinger*, Response at 12, but this Court has granted judicial immunity irrespective of such alleged communications. *See, e.g.*, *French v. Rowland*, No. H-24-03095, 2024 WL 4871500, at **3–4 (S.D. Tex. Nov. 22, 2024); *see also Stump v. Sparkman*, 435 U.S. 349, 363 & n.12 (1978) (applying judicial immunity, noting, "Courts and judges often act *ex parte*."); *Mylett v. Mullican*, 992 F.2d 1347, 1353 (5th Cir. 1993) (dismissing claims despite "abuse alleged here [of] *ex parte* contact").

And Foad argues that his (disproven) allegations that he was deprived of "*The adversary process*" align with *Cleavinger*, Response at 12, but courts have granted judicial immunity in the face of the same bald allegations. *See, e.g.*, *Stump*, 435 U.S. at 360 (applying judicial immunity to proceeding conducted "without notice . . . , without a hearing, and without the appointment of [counsel]"); *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005).

*Third*, the Response's point that an immunity analysis turns on whether procedural protections behind the doctrine "were in fact provided" to the plaintiff lacks merit. Response at 12 (citing *Brown*, 2018 WL 3080880, at 6–7). Neither *Brown* nor any other court has ignored the existence of judicial procedures and safeguards in the abstract because a complainant alleged that such functions were not actually "*afforded*" to them. *See Brown*, 2018 WL 3080880, at *6 ("Courts . . . focus[] on the *nature* of the responsibilities of the individual in determining whether absolute immunity should apply.") (quotations and citation omitted, emphasis added). Indeed, courts routinely apply absolute quasi-judicial immunity based on an analysis of procedures provided by rules akin to the District Rules without actually weighing in on whether (or in the face of allegations that) procedures were not actually followed. *See, e.g.*, *Beck v. Austin,* No. SA-19-CV-00525-JKP, 2020 WL 1906096, at *4 (W.D. Tex. Apr. 17, 2020); *Banik v. Tamez*, No. 7:16-CV-00462, 2017 WL 2505653, at *9 (S.D. Tex. June 9, 2017). Indeed, limiting immunity to cases where a plaintiff alleged actual compliance with judicial procedures by a presiding official would eliminate the immunity as a practical matter and would upend the timeworn purpose to apply immunity irrespective of the officer's "motives" and "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1872).

*Fourth*, while an exception exists to quasi-judicial immunity for "actions, though judicial in nature, taken in the complete absence of all jurisdiction," Foad cannot fit the facts of this case into that exception. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). This exception is "narrow." *Kastner*, 390 Fed. Appx. at 314. "Where a [judicial officer] has *some* subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993) (emphasis added). Foad makes three arguments that Ms. Truscott acted in the "complete absence of all jurisdiction:" (a) a District hearing examiner has "no general jurisdiction" to act outside of "the Rules that create her office;" (b) neither the Texas Code nor District Rules give a hearing examiner jurisdiction to disqualify counsel; and (c) a snippet of District Rule 7.3(c) actually "point[s] the other way" to invite broad representational appearance. Response at 14. The record directly refutes all three arguments. When quoted in full, District 7.3(c) requires a party attorney to be "authorized" three times:

> **Appearance; Representative Capacity:** Any interested person may appear in person or may be represented by counsel, engineer, or other representative, ***provided the representative is fully authorized*** to speak and act for the principal. Such person or representative may present evidence, exhibits, or testimony, or make an oral presentation in accordance with the procedures applicable to the particular proceeding. Any partner may appear on behalf of the partnership. ***A duly authorized*** officer or agent of a public or private corporation, political subdivision, governmental agency, municipality, association, firm, or other entity may appear for the entity. A fiduciary may appear for a ward, trust, or estate. ***A person appearing in a representative capacity may be required to prove proper authority.***

Motion Exh. 1 [Dkt. 16-1] at 23–24 (emphasis added). The District Rules further provide that the designation of parties to a contested proceeding like this one is assigned to "the judgment of the Hearings Examiner." *Id.* at 27 (Rule 7.5(c)). The Rules also broadly empower a hearings examiner to decide "any matter which may expedite the hearing or otherwise facilitate the hearing process" at the prehearing conference stage, which was when the Disqualification Ruling was issued. *Id.* at

26 (Rule 7.5(a)). Foad's "no general jurisdiction" argument is also wrong, as the District Rules expressly invoke and refer to the Government Code, Section 81.101 of which contains licensure requirements. *Id.* at 6 (Rule 1.6). Accordingly, Foad cannot show that Ms. Truscott acted without *any jurisdiction* for purposes of quasi-judicial immunity. *See Stump*, 435 U.S. at 356–58.

**III. Plaintiff's Claims Against Ms. Truscott Should Be Dismissed With Prejudice.**

This Court has discretion to dismiss claims with prejudice when amendment would be futile or when efforts to cure pleading deficiencies have been unsuccessful. *See Bittinger v. Wells Fargo Bank NA*, No. CIV.A. H-10-1745, 2011 WL 3568206, at *3 (S.D. Tex. Aug. 15, 2011) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Courts may also refuse leave to amend when a plaintiff has stated his "best case." *Brewster*, 587 F.3d at 767–68. The Response confirms, rather than refutes, that dismissal with prejudice is justified here in two ways.

*First*, repleading would be futile because the Response admits that Foad cannot plead that Ms. Truscott engaged in any actionable conduct beyond her role as a hearing examiner. In the FAC, Foad does not make any allegations about Ms. Truscott outside of her role as the hearings examiner in the District proceedings. And in the Response, Foad promises, at best, to amend his pleading to add more detail about Ms. Truscott's role *as a hearing examiner*; specifically, to plead the "terms of the examiner's engagement and compensation by the District, the ex parte communications in further detail," and additional Board actions. Response at 18. Even if the Court permitted Foad to replead to add such allegations, Ms. Truscott would remain immune from suit because none of the allegations transcends the scope of her immunity. *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985). Indeed, Foad's potential amendment would only reinforce that Ms. Truscott acted as a hearing examiner with respect to the Disqualification Ruling. *See id.*; *Bittinger*, 2011 WL 3568206, at *7.

*Second*, the Response confirms that Foad has already "pleaded his best case." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *see also Brewster*, 587 F.3d at 767–68. *Jacquez* is instructive here. In that immunity case, the Fifth Circuit dismissed a plaintiff's claims even though he had not yet amended or supplemented his complaint. *Id.* at 793. The Court declined to allow the plaintiff to try to plead around immunity to state a viable Section 1983 claim against state officials because he filed an "extensive" response to the officials' motion to dismiss. *Id.*

Foad has not only amended his complaint once (and submitted a subsequent "errata"), but, as in *Jacquez,* his Response "repeats verbatim sections of the complaint the plaintiff believes satisfy" his pleading requirements. *Id.*; *see also, e.g.*, Response at 5–7 ("What the FAC actually pleads is that . . . ."). Foad also admits that his claims against Ms. Truscott are "in substance" claims against the District, reinforcing that he cannot plead around immunity. Response at 15, 18. To state a claim against Ms. Truscott now, Foad would have to reinvent his case to plead an entirely different (and contradictory) theory. The Fifth Circuit has rejected such a tactic, holding that, "if the protections afforded public officials are not to ring hollow, plaintiffs cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold." *Jacquez*, 801 F.2d at 792; *see also Fast Capital Mktg., LLC v. Fast Capital LLC*, No. CIV. A. H-08-2142, 2008 WL 5381309, at *18 (S.D. Tex. Dec. 24, 2008) (courts may refuse leave to amend when existing pleaded allegations would render any curable repleading inconsistent or contradictory). This Court should follow suit and dismiss the claims against Ms. Truscott with prejudice.

## CONCLUSION

For the foregoing reasons and those set forth in her initial Motion, defendant Helen Stewart Truscott, Esq. respectfully requests the Court to dismiss Plaintiff's claims against her for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

**DRUMHELLER, HOLLINGSWORTH & MONTHY, LLP**

/s/ *Jeremy T. Monthy*
Jeremy T. Monthy, *Attorney-in-Charge*
State Bar No. 24073240
Federal I.D. No. 1115582
Kathleen C. Laird
State Bar No. 24132063
Federal I.D. No. 3844989
712 Main Street, Suite 1705
Houston, Texas 77002
Telephone: (713) 751-2300
Facsimile: (713) 751-2310
Emails: jmonthy@dhmlaw.com
klaird@dhmlaw.com

**ATTORNEYS FOR DEFENDANT**
**HELEN STEWART TRUSCOTT, ESQ.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties, including:

Kawa Foad, Esq.
KF Law
1000 Brickell Ave., Suite 715
Miami, FL 33131
Email: kfoad@kf-law.com

*Pro se Plaintiff*

/s/ *Jeremy T. Monthy*
Jeremy T. Monthy